UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEBRA SASSER, Personal Representative of the Estate of Halbert Eugene Richards | : : : : |
| Plaintiff, | Case No. 1:18-cv-00746 |
| v. | : : : |
| SAFE HOME SECURITY, INC. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | : : : : |

Defendant, by and through its undersigned counsel, hereby moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing counts 1, 2, 3, 4, 5, and 6 of the Complaint.

**I.    Nature of the Case**

Plaintiff brings this action for breach of contract, violation of the North Carolina Unfair and Deceptive Trade Practices Act, and various torts, alleging that Defendant Safe Home Security, Inc. failed to provide security equipment and monitoring services as required by contract.

**II.    Statement of Facts**

Defendant Safe Home Security, Inc. ("SHS") is a Connecticut corporation that provides home alarm equipment and services. According to plaintiff's Complaint, Halbert Eugene Richards entered into an Agreement for Monitoring and Installation of

Security Systems ("the Agreement") with the defendant on April 28, 2015.[1] [Doc. No. 2 (Compl.) ¶ 9.] Plaintiff alleges that SHS withdrew funds from Mr. Richards' bank account in monthly installments without providing the agreed-upon security equipment or monitoring services. [*Id.* ¶¶ 19-22.] This is the factual predicate for plaintiff's seven causes of action, which include: 1) fraud; 2) violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"); 3) negligence; 4) gross negligence; 5) punitive damages; 6) unjust enrichment; and 7) breach of contract. [*Id.* ¶¶ 33-74.]

### III. Questions presented

1. Does the economic loss rule prevent Plaintiff from pleading negligence and gross negligence (Claims 3 and 4) in a breach of contract case?

2. Has Plaintiff pleaded the fraud claim (Claim 1) with the requisite particularity required by Federal Rule of Civil Procedure 9(b)?

3. Can an allegation of mere breach of contract sustain a claim under the North Carolina Unfair and Deceptive Trade Practices Act (Claim 2)?

4. Is Plaintiff's unjust enrichment claim (Claim 6) duplicative of the breach of contract claim?

5. Can Plaintiff maintain a separate claim for punitive damages (Claim 5) if the negligence and fraud claims fail?

### IV. Argument: Six of Plaintiff's Causes of Action Must be Dismissed

The purpose of a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint may fail to state a claim upon which relief

---

[1] Mr. Richards is alleged to have died on August 5, 2017. [Compl. ¶ 6.] Plaintiff Debra Sasser purports to bring suit as the representative for Mr. Richards' estate. [*Id.* ¶ 1.]

may be granted in two ways: first, by failing to state a valid legal cause of action, i.e., a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

A dismissal under Rule 12(b)(6) is appropriate when the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Capital Associated Indus. v. Cooper*, 129 F. Supp. 3d 281, 299 (M.D.N.C. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff need only plead a short and plain statement of the claim establishing that he or she is entitled to relief, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555. Nor is the Court required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As set forth in detail below, six of plaintiff's causes of action must be dismissed. As is evident from a plain review of the Complaint, a service contract for alarm equipment and services was allegedly breached by the defendant. Notwithstanding the contract and the alleged breach, plaintiff is attempting to lard the Complaint with unsustainable causes of action that sound in tort in an impermissible attempt to support a

claim for unwarranted categories of damages. Simply put, this case involves an attempt by the plaintiff to manufacture a tort dispute out of what is, at its core, a simple breach of contract claim.[2]

> 1. **The Economic Loss Rule Prevents Recovery under Common Law Tort Causes of Action. Accordingly, Claim Numbers 3 and 4 must be Dismissed.**

The economic loss doctrine bars tort claims for losses arising out of the defective performance of contracts. *See Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, No. 1:03CV949, 2005 U.S. Dist. LEXIS 34011, at *39 (M.D.N.C. July 8, 2005); *see also Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 639, 643 S.E.2d 28, 30-31 (2007). A "tort action must be grounded on a violation of a duty imposed by operation of law," not a violation of a duty arising purely from "the contractual relationship of the parties." *Rountree v. Chowan Cty.*, 796 S.E.2d 827, 831 (N.C. Ct. App. 2017) (emphasis omitted) (quoting *Asheville Contracting Co. v. City of Wilson*, 62 N.C. App. 329, 342, 303 S.E.2d 365, 373 (1983)). Thus, a "tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract." *Id.* at 830 (quoting *Lord*, 182 N.C. App. at 639, 643 S.E.2d at 30). Accordingly, "North Carolina law requires" courts "to limit plaintiffs' tort claims to only those claims which are 'identifiable' and distinct from the primary breach of contract claim." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 346 (4th Cir.

---

[2] For the avoidance of doubt, defendant denies the allegations set forth in support of plaintiff's breach of contract claim.

1998) (quoting *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976)).

The economic loss doctrine encourages contracting parties to allocate risks for economic loss themselves, because the promisee has the best opportunity to bargain for coverage of that risk or of faulty workmanship by the promisor. *See Lord*, 643 S.E.2d at 30-31. Moreover, "the open-ended nature of tort damages should not distort bargained-for contractual terms." *Broussard*, 155 F.3d at 436. Here, plaintiff's breach of contract claim and its negligence and gross negligence claims are based exclusively on the operative facts set forth in paragraphs 9 through 23 of the Complaint. The negligence and gross negligence claims merely repeat the allegations from the breach of contract claim, namely that SHS breached the Agreement by charging Mr. Richards a monthly fee while failing to provide security equipment or monitoring services. Notably, there is not a single, non-conclusory allegation that defendant breached a tort duty independent of the contract. Rather, plaintiff alleges that Mr. Richards entered into a contract with the defendant and defendant failed to perform. Because the factual underpinnings for the breach of contract claim and plaintiff's negligence and gross negligence claims are the same, the economic loss rule applies and bars the negligence and gross negligence claims. This alone requires dismissal of causes of action 3 and 4.

For the avoidance of doubt, it is well-settled in North Carolina that the economic loss rule applies not only to sale of goods contracts, but also to service contracts—which are alleged to exist in this case. *See Indem. Ins. Co. of N. Am.*, 2005 U.S. Dist. LEXIS

5

34011, at *39; *Forest2Market, Inc. v. Arcogent, Inc.,* No.15 CVS 9547, 2016 NCBC LEXIS 3, at *11 (N.C. Super. Ct. Jan. 5, 2016). Here, as set forth in the Complaint, plaintiff entered into a contract with defendant for installation and service of an alarm system. Plaintiff alleges that Mr. Richards sustained losses by paying monthly dues and that attempts to telephonically cancel the contract thereafter were rejected. [Compl. ¶¶ 21-23.] Plaintiff cannot recover in tort for these losses, and yet plaintiff has asserted claims sounding in tort. In view of the economic loss rule, plaintiff's sole remedy is through contract. *See Strum v. Exxon Co., USA*, 15 F.3d 327, 330 (4th Cir. 1998) (applying North Carolina law) ("The distinction between tort and contract possesses more than mere theoretical significance. Parties contract partly to minimize their future risks. Importing tort law principles of punishment into contract undermines their ability to do so."); *see also Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 42, 587 S.E.2d 470, 476 (2003) (dismissing negligence action under the economic loss rule where a valid contract existed between the parties, and limiting plaintiff's remedies to those arising under the contract); *Broussard*, 155 F.3d at 347 (dismissing claim for gross negligence which arose out of the performance on a contract, rather than an independent tort).

Accordingly, causes of action 3 and 4 must be dismissed.

2. **Plaintiff's Fraud Claim (Claim Number 1) Must be Dismissed for Failure to Plead the Elements of Fraud with Particularity.**

To establish a claim for fraud, plaintiff must prove "(1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with the intent to deceive; (4) which does in fact deceive; (5) resulting in damage to the injured

6

party." *Rider v. Hodges*, 804 S.E.2d 242, 248 (N.C. Ct. App. 2017). Further, a plaintiff must not only meet the *Iqbal* and *Twombly*[3] pleading standard, but must also support the fraud claim with particularity. Fed. R. Civ. Pro. 9(b); *Topshelf Mgmt. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 731 (M.D.N.C. 2015) ("Rule 9(b) applies to section 75-1.1 claims alleging detrimental reliance on false or deceptive representations."); s*ee also USA Trouser, S.A. de C.V. v. Williams*, 812 S.E.2d 373, 380 (N.C. Ct. App. 2018) ("[I]n pleading actual fraud, the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." (quoting *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981))).

Here, plaintiff has not pleaded any of these elements, let alone with the requisite particularity. By way of example, plaintiff has not described or quoted any alleged misrepresentations or set forth any facts supporting the claim that "Defendant's representative induced and coerced Richards to sign the Agreement, provide banking information, and to allow Defendant to withdraw money from Richards' bank account." [Compl. ¶ 13.] There is no indication of how SHS allegedly induced Mr. Richards to enter into the agreement, nor is there any detail as to the content of the alleged misrepresentations. Rather, plaintiff has cobbled together a vague factual narrative suggesting only that SHS did not provide security equipment or services and that SHS would not allow Mr. Richards to telephonically cancel the services contract. These vague

---

[3] *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544.

allegations are insufficient to give the defendant" fair notice of what the claim is and the grounds upon which [plaintiff's claim] rests." *Twombly*, 550 U.S. at 555. As such, the allegations are not enough to satisfy the more liberal pleading standards of *Iqbal* and *Twombly*, let alone the exacting standards of Rule 9(b). *See Sharp v. Teague*, 113 N.C. App. 589, 597, 439 S.E.2d 792, 797 (1994) ("Mere generalities and conclusory allegations of fraud will not suffice [under the North Carolina equivalent to Rule 9(b)].").

> 3. **Plaintiff's UDTPA Claim (Claim Number 2) must be Dismissed Because a Mere Breach of Contract Cannot Sustain an Action under the UDTPA and Plaintiff has not Pleaded Deceptive Conduct with the Required Particularity**

As with plaintiff's tort claims, the cause of action under the North Carolina Unfair and Deceptive Trade Practices Act asserts nothing beyond breach of contract. It is well settled in North Carolina that a mere breach of contract does not, standing alone, constitute an unfair or deceptive trade practice. *Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 784 (4th Cir. 2012); *Broussard*, 155 F.3d at 346 (holding that it is reversible error to allow a UDTPA claim to go forward where claim is essentially just a breach of contract claim); *Kelly v. Ga.-Pac.*, 671 F. Supp. 2d 785, 799 (E.D.N.C. 2009). It is "well recognized . . . that actions for unfair or deceptive trade practices are distinct from breach of contract, and that a party's breach of contract, *even if intentional*, is not sufficiently unfair or deceptive to sustain an action under [section 75-1.1]." *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992) (emphasis added). A plaintiff must therefore show "substantial aggravating circumstances" accompanying the breach of contract to sustain a Chapter 75 claim. *BioSignia, Inc. v. Life Line*

8

*Screening of Am., Ltd.*, No. 1:12CV1129, 2014 U.S. Dist. LEXIS 89678, at \*16 (M.D.N.C. June 30, 2014); *see also Griffith v. Glen Wood Co.*, 184 N.C. App. 206, 216, 646 S.E.2d 550, 558 (2007).

Here, the Complaint contains generic allegations that do little more than recite the prima facie elements of an unfair and deceptive trade practices claim, [Compl. ¶¶ 43-47], and fails to allege substantial aggravating circumstances beyond a simple breach of contract. The Complaint is devoid of any facts from which it can be inferred that a UDTPA violation occurred. Rather, Plaintiff has merely alleged that Mr. Richards did not receive the security equipment and monitoring for which he bargained and was not permitted to cancel the contract. [*Id.* ¶¶ 19-29.] As discussed above, while plaintiff alleges that SHS fraudulently "induced" and "coerced" Mr. Richards into entering the Agreement, these claims are insufficiently pleaded because plaintiff has not described or quoted any alleged misrepresentations or indicated how SHS allegedly induced Mr. Richards to enter into the agreement.

Thus, because the fraud claim cannot survive motion to dismiss scrutiny, the UDTPA claim cannot be maintained as a matter of law. *McKinnon v. CV Indus.*, 213 N.C. App. 328, 340 713 S.E.2d 495, 504 (2011) ("While an instance of fraud may qualify as an unfair method of competition under section 75-1.1, Plaintiff has presented no evidence to support his fraud claim."); *Deltacom, Inc. v. Budget Telecom*, Inc., No. 5:10-CV-38-FL, 2011 U.S. Dist. LEXIS 54488, at \*12-13 (E.D.N.C. May 20, 2011) (plaintiffs' threats to terminate the contract, their efforts to encourage defendant to

9

continue to perform while themselves planning to breach, and their refusal to otherwise meet their obligations under the contract were insufficient to sustain a cause of action under UDTPA); *Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp.*, No. 16 CVS 217, 2017 NCBC LEXIS 27, at *22 (N.C. Super. Ct. Mar. 27, 2017) (dismissing UDTPA claims at the motion to dismiss stage because concealed plans to breach a contract do not constitute "substantial aggravating circumstances"); *Flanders/Precisionaire Corp. v. Bank of N.Y. Mellon Tr. Co.*, No. 4 CVS 152, 2015 NCBC LEXIS 36, at *38 (N.C. Super. Ct. Apr. 7, 2015) (dismissing counterclaim against plaintiff under UDTPA reducing rental payments to defendant, purporting to terminate the leases, and concealing those actions from defendant, because these allegations constituted at most, intentional breach of contract).

Moreover, where, as here, a section 75-1.1 claim is based on allegations of deceptive conduct, such allegations must be pleaded with particularity. *See, e.g.*, *Topshelf Mgmt.*, 117 F. Supp. 3d at 731-32 ("Rule 9(b) applies to section 75-1.1 claims alleging detrimental reliance on false or deceptive representations . . . this claim also lacks sufficient particularity under Rule 9(b) and will be dismissed."); *Hilco Transp., Inc. v. Atkins*, No. 14 CVS 8677, 2016 NCBC LEXIS 5, at *n.5 (N.C. Super. Ct. Jan. 15, 2016). As with plaintiff's fraud claim, the section 75-1.1 claim fails to identify the requisite details regarding the alleged misrepresentations, including what was allegedly communicated to Mr. Richards to induce him to enter the Agreement. *Regency Ctrs. Acquisition, LLC v. Crescent Acquisitions, LLC*, No. 17 CVS 11354, 2018 NCBC LEXIS

7, at *27 (N.C. Super. Ct. Jan. 24, 2018) (dismissing UDTPA claim where plaintiff failed to allege specific content of any misrepresentations made by defendant, or the identity of the person or persons making such representations).

Because plaintiff failed to plead the UDTPA claim with particularity and failed to identify any aggravating circumstances beyond a mere breach of contract, this claim (cause of action 2) must be dismissed.

### 4. Plaintiff's Unjust Enrichment Claim (Claim Number 6) Must be Dismissed Because the Dispute is Governed by an Express Contract.

Plaintiff's unjust enrichment claim must be dismissed because the dispute is governed by an express contract. A claim for unjust enrichment arises when one party renders services for the benefit of another party and a court applies equitable principles to find an implied-by-law contract because no enforceable or express contract exists between the parties. *Planet Earth TV, LLC v. Level 3 Commc'ns*, LLC, No. 1:17-cv-00090-MR-DLH, 2018 U.S. Dist. LEXIS 129920, at *8 (W.D.N.C. Aug. 2, 2018) (citing *Rongotes v. Pridemore*, 88 N.C. App. 363, 368, 363 S.E.2d 221, 224 (1988)). An implied contract and an express contract cannot co-exist and a party is unable to simultaneously collect damages on a breach of contract claim and an unjust enrichment claim. *Id.* (citing *Hall v. Mabe*, 77 N.C. App. 758, 336 S.E.2d 427, 429 (1985)). Where, as here, there is no dispute regarding the existence of an express contract, plaintiff cannot maintain causes of action for both breach of contract and unjust enrichment. *Id.* ("Since the parties do not dispute the existence of a contract in this case, there can be no recovery by the Plaintiff on the theory of unjust enrichment."); *Triad Packaging, Inc. v. SupplyOne, Inc.*, 597 F.

11

Case 1:18-cv-00746-NCT-JEP   Document 8   Filed 09/28/18   Page 11 of 14

App'x 734, 739 (4th Cir. 2014) ("Critically, however, for a claim in quasi-contract to sound, no express contract must exist."). Because an express contract exists in this case, plaintiff cannot plead unjust enrichment in the alternative, and Claim 6 must be dismissed.

> 5.  **Because Plaintiff's Fraud and Negligence Claims Fail, So Does the Claim for Punitive Damages.**

For the reasons stated herein, plaintiff's only potentially viable cause of action is breach of contract (claim 7). Generally, a party may not recover punitive damages for a mere breach of contract. *See Strum*, 15 F.3d at 330 ("Punitive damages cannot be recovered for a mere breach of contract . . . no matter how reprehensible the breach was by the defendant." (quoting Schlueter & Kenneth R. Redden, Punitive Damages § 7.2, at 275 (2d ed. 1989))). Indeed, permitting punitive damages for simple contract disputes would undermine one of the core purposes of contracts, which is to minimize the risk of the parties involved. *Id*. (holding that the availability of punitive damages in contract cases "would turn every potential contractual relationship into a riskier proposition").

A narrow exception permits a plaintiff to recover punitive damages for breach of contract only where that plaintiff can sustain an "independent tort" cause of action. This exception has been carefully circumscribed by state law. *Id.* at 331. The independent tort alleged must be "identifiable," *Newton*, 291 N.C. at 111, 229 S.E.2d at 301, and the tortious conduct must have an aggravating element such as malice or recklessness before any punitive damages may be recovered. *Id*.; *see also Marcoin, Inc. v. McDaniel*, 70 N.C. App. 498, 507, 320 S.E.2d 892, 898-99 (1984). While plaintiff's fraud claim could

12

theoretically constitute an independent tort, as set forth above, that claim is based on bare, unsupported, allegations, and must be dismissed. Because the fraud claim cannot stand on its own, it also cannot support a claim for punitive damages. *See Strum*, 15 F.3d at 331 (dismissing claim for punitive damages where plaintiffs claim for fraudulent inducement lacked factual and legal support).

**V.      Conclusion**

For the reasons stated herein, causes of action 1, 2, 3, 4, 5, and 6 must be dismissed with prejudice.

Respectfully submitted this 28th day of September, 2018.

**ELLIS & WINTERS LLP**

/s Joseph Hammond
Joseph Hammond
N.C. State Bar No. 45657
Email: joe.hammond@elliswinters.com
300 N. Greene Street, Ste. 800
Greensboro, NC 27401
Tel. (336) 217-4193
Fax (336) 217-4198

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record as follows:

Clayton Krohn
Shope, Krohn, Attorneys at law, P.A.
426 W. Friendly Avenue
Greensboro, NC 27401

*Attorney for Plaintiff*

This the 28th day of September, 2018.

/s/ Joseph Hammond
Joseph Hammond

*Attorney for Defendant*